## IN EQUITY.

### MILTON HAM vs. WILLIAM S. HEERMANCE et al.

In a foreclosure suit, the solicitor is not entitled to costs for drawing the report of the referee on computing the amount due, &c. The referee is to perform that duty, for which he is paid a *per diem* allowance. Nor can the solicitor charge for drawing advertisement, conditions of sale, report of sale, or other papers relating to the sale. The services are to be performed by the sheriff, where he makes the sale, and are covered by the 77th section of the Judiciary Act.

*December Special Term*, 1847. *Dutchess County.—Taxation of Costs.*— This was a foreclosure suit in which the Plaintiff was entitled to full costs.

J. P. H. TALLMAN, *for Plff.*

E. Q. ELDRIDGE, *for Defts.*

JOHN BRUSH, *for other Defts.*

WM. WILKINSON, *for other Defts.*

BARCULO, Justice.—The charge for drawing the report of the referee on computing the amount due, &c., is not allowable. The referee, and not the solicitor, is to perform that duty. The fees of the former are the *per diem* allowance to referees at law—three dollars per day. (Rule 140.)

The report, therefore, should be prepared by the referee, who is entitled to his per diem allowance for the time consumed in its preparation.

Nor can the solicitor charge for drawing advertisement, conditions of sale, report of sale or other papers relating to the sale. These services are to be performed by the sheriff where he makes the sale, and are covered by the allowance made in the 77th section of the Judiciary Act. This section gives him "the same fees as upon sales by virtue of an execution, but such fees shall in no case exceed the sum of ten dollars." Under this section, the sheriff is authorised to charge for commissions, drawing advertisement, certificate of sale, &c., the same as on executions, until the aggregate amounts to ten dollars, which is the minimum of his fees on sale. Beyond this amount he is not permitted to receive in any case.